**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 3:16-bk-2005-PMG |
| Lavette S. Bailey, | |
| _____ Debtor. | Chapter 13 |
| Lavette S. Bailey, | |
| Plaintiff, | |
| vs. | Adv. No. 3:16-ap-125-PMG |
| Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-R11 | |
| _____ Defendant. | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND MEMORANDUM OPINION**

**THIS CASE** came before the Court for a final evidentiary hearing in this adversary proceeding.

The Debtor commenced the proceeding by filing a Complaint to strip the Defendant's second mortgage from her residential real property. The second mortgage originally was signed by the Debtor and Jeffrey S. Bailey as husband and wife, but the marriage was later dissolved and the Debtor was the sole owner of the property on the bankruptcy petition date.

1

A Chapter 13 debtor may strip off a junior lien from the debtor's principal residence pursuant to §506(a) and §1322(b) of the Bankruptcy Code, if the Court determines that the junior lien is not secured by any existing equity in the property.

Accordingly, the Debtor may strip the Defendant's second mortgage from her property in this case, because (1) the amount owed on the senior mortgage exceeds the value of the property, (2) the Debtor is the sole owner of the property, (3) the second mortgage is a claim in the Debtor's bankruptcy that is subject to modification under §506(a) and §1322(b), and (4) such modification will not affect the former husband's personal liability on the claim.

## Background

The Debtor is the owner of her residential real property located at 222 Dover Bluff Drive, Orange Park, Florida. The Property is encumbered by two mortgages.

The first mortgage is held by Deutsche Bank National Trust Company, and originally was signed by the Debtor and Jeffrey S. Bailey on October 26, 2005. Deutsche Bank National Trust Company has filed a Proof of Claim in the Debtor's Chapter 13 case in the amount of $211,562.92. (Claim Number 4-1).

The second mortgage is held by Real Time Resolutions, Inc. as agent for Deutsche Bank National Trust Company, and also was originally signed by the Debtor and Jeffrey S. Bailey on October 26, 2005. Real Time Resolutions has filed a Proof of Claim in the Debtor's Chapter 13 case in the amount of $105,583.12. (Claim Number 1-1).

The Debtor and Jeffrey S. Bailey were married at the time that the mortgages were signed, but later divorced.

On February 13, 2013, Jeffrey S. Bailey executed a Quitclaim Deed transferring all of his interest in the Property to the Debtor. (Debtor's Exhibit 1).

According to the Clay County Property Appraiser's report dated May 9, 2016, the "just (market) value" of the Property for 2015 was $149,312.00. (Debtor's Exhibit 2).

On May 27, 2016, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code. On June 13, 2016, the Debtor filed a Complaint to avoid the Defendant's second mortgage on the Property in her Chapter 13 case. (Doc. 1). The Defendant answered the Complaint, and asserted that the second mortgage cannot be stripped, because "the mortgage and note are also in the name of a non-filing co-debtor, Jeffrey S. Bailey." (Doc. 4).

## Discussion

The Debtor may strip the Defendant's second mortgage from her residential Property pursuant to §506(a) and §1322(b) of the Bankruptcy Code for at least the following reasons: (1) the amount owed on the senior mortgage exceeds the value of the Property; (2) the Debtor is the sole owner of the Property; (3) the second mortgage is a claim in the Debtor's bankruptcy that is subject to modification under §506(a) and §1322(b), and (4) such modification will not affect the former husband's personal liability on the claim.

### A. The second mortgage is a wholly unsecured claim.

First, the amount owed on the senior mortgage exceeds the value of the Property, with the result that the second mortgage is a wholly unsecured claim pursuant to §506(a) of the Bankruptcy Code.

In In re Scantling, 754 F.3d 1323 (11th Cir. 2014), the Eleventh Circuit Court of Appeals addressed the issue of whether a debtor can strip off a wholly unsecured junior mortgage in a Chapter 20 case. The Court determined that a debtor in a Chapter 13 case may "strip off" an unsecured

3

mortgage from his principal residence, regardless of his ineligibility for a Chapter 13 discharge under §1328(f) of the Bankruptcy Code.

> This strip off is accomplished through the §506(a) valuation procedure that determines that the creditor does not hold a secured claim. Once this determination has been made, pursuant to §1322(b)(2), the creditor's "rights" are modified by avoiding the lien to which the creditor would otherwise be entitled under nonbankruptcy laws.

In re Scantling, 754 F.3d at 1329-30. Under this analysis, lien-stripping in a Chapter 13 case is provided by the combined operation of §506(a) and §1322(b) of the Bankruptcy Code, and does not involve the discharge provisions of Chapter 13.

In reaching this conclusion, the Scantling Court was guided by its prior decision in In re Tanner, 217 F.3d 1357 (11th Cir. 2000). According to the Court in Tanner, the lien-stripping process "is one that first requires bankruptcy courts to determine the value of the homestead lender's secured claim under section 506(a) and then to protect from modification any claim that is secured by any amount of collateral in the residence." In re Tanner, 217 F.3d at 1360 (quoted in In re Scantling, 754 F.3d at 1327). But if a lien on a debtor's principal residence is determined to be wholly unsecured under §506(a), the Court in Tanner determined that the lien is not protected from modification under §1322(b). In re Scantling, 754 F.3d at 1327.

The Scantling decision is important in this case for its adoption and restatement of the view that the Bankruptcy Code "provides that when a debtor's junior liens are worthless and unsecured under §506(a), §506 operates in tandem with §1322(b) to strip liens in Chapter 13 cases." In re Scantling, 754 F.3d at 1329.

4

In this case, Deutsche Bank National Trust Company holds the first mortgage on the Property, and has filed a Proof of Claim in the Debtor's Chapter 13 case in the amount of $211,562.92. (Claim Number 4-1). No party has objected to the Claim.

According to the Clay County Property Appraiser's report dated May 9, 2016, the "just (market) value" of the Property for 2015 was $149,312.00. (Debtor's Exhibit 2).

Based on this record, the Court finds that the amount owed on the first mortgage exceeds the value of the Property, and that the Defendant's second mortgage is a wholly unsecured claim for purposes of §506(a) and §1322(b) of the Bankruptcy Code.

**B. The Debtor is the sole owner of the Property.**

Second, the Debtor's former husband had transferred all of his interest in the Property to the Debtor before the Debtor filed her bankruptcy petition, and the Debtor was the sole owner of the Property on the petition date.

Consequently, this case is unlike the situations in In re Alvarez, 2012 WL 1425097 (Bankr. S.D. Fla.) and In re Pierre, 468 B.R. 419 (Bankr. M.D. Fla. 2012). In each of those cases, the debtor and the debtor's spouse were jointly obligated on a mortgage to the creditor, but only one spouse filed the bankruptcy case and attempted to strip the mortgage from the property. In each case, the Court refused to allow the debtor to strip the mortgage.

In Alvarez and Pierre, however, the debtors owned the subject property as tenants by the entireties with their non-filing spouses, and the liens were not stripped because of the specific characteristics of the entireties estate.

> TBE property is "an estate over which the husband and wife have absolute disposition and as to which each, in the fiction of the law, holds the entire estate as one person." . .

5

> . Simply stated, one benefit, and perhaps sometimes burden, of TBE ownership is that any type of ownership change requires joint action by both spouses.

In re Pierre, 468 B.R. at 427(quoting Hunt v. Covington, 145 Fla. 706, 200 So. 76, 77 (1941)). Because of the joint TBE ownership, the individual debtors in Alvarez and Pierre were not permitted to strip the liens from the encumbered property, unless their spouses were also debtors in the bankruptcy cases and joined in the request.

In this case, the Debtor and her former husband do not jointly own the property. The second mortgage originally was signed by the Debtor and Jeffrey S. Bailey as husband and wife, but the marriage was later dissolved, and Jeffrey Bailey executed a Quitclaim Deed transferring all of his interest in the Property to the Debtor on February 13, 2013. (Debtor's Exhibit 1). Accordingly, the Debtor in this case was the sole owner of the Property, with full ownership rights, on the date that she filed her bankruptcy petition.

**C. The second mortgage is a claim in bankruptcy that is subject to §506(a) and §1322(b).**

Third, the Defendant's second mortgage is a claim against the Debtor or property of the Debtor in the Chapter 13 case, and is subject to modification under §506(a) and §1322(b) of the Bankruptcy Code.

The circumstances in this case are virtually the same as the circumstances in In re Mensah-Narh, 558 B.R. 134 (Bankr. D.N.J. 2016). In Mensah-Narh, a second mortgage had been signed by the debtor and her spouse as husband and wife, the parties later divorced, and the debtor filed a petition under Chapter 13 of the Bankruptcy Code. After the bankruptcy petition was filed, the former husband transferred his interest in the mortgaged property to the debtor, and the debtor filed a Chapter 13 plan which proposed to strip off the second mortgage as wholly unsecured.

6

The issue before the Court was "whether a strip off is allowable when a non-debtor spouse, who has quitclaimed his interest in the property, has an underlying obligation secured by the mortgage which the debtor seeks to strip." In re Mensah-Narh, 558 B.R. at 134-35.

The Court concluded that "it is permissible through a Chapter 13 plan for a debtor to strip a lien on a primary residence that is wholly unsecured where (a) the debtor is the sole owner of the property; and (b) a non-debtor ex-spouse is liable on the lien which debtor seeks to strip." Id. at 140.

In reaching this conclusion, the Court first recognized that the creditor held two distinct types of claims as a result of the mortgage: "the *in rem* claims against the Property and the *in personam* claims against each party individually." In re Mensah-Narh, 558 B.R. at 138 (citing Johnson v. Home State Bank, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991)).

The creditor's *in rem* claim against the property was "a single lien securing [the] joint obligations" owed personally by the debtor and her former husband. In re Mensah-Narh, 558 B.R. at 138. Following the former husband's quitclaim of his property interest, "an undivided, 100% interest" in the property was owned by the debtor, not subject to any form of joint ownership. Id. at 137. In other words, the debtor owned a 100% interest in the property, and the creditor held an *in rem* claim against the debtor's property that secured the joint personal liabilities owed by the debtor and her former husband.

The creditor's *in rem* claim is a claim in the bankruptcy estate, regardless of the separate joint personal liabilities that it secures, in part because a "claim against the debtor" includes a "claim against property of the debtor" pursuant to §102(2) of the Bankruptcy Code. Id. at 138; 11 U.S.C. §102(2). "Since the *in rem* claim as to the Ex-Husband is against property of the Debtor, it is also a 'claim

against the debtor' pursuant to §102(2) and is subject to modification under the Code." In re Mensah-Narh, 558 B.R. at 138-39.

In this case, as in Mensah-Nahr, the second mortgage was signed by the Debtor and her husband while they were married, the marriage was later dissolved, and the former husband transferred his interest in the subject property to the Debtor. The Debtor was the sole owner of the Property on the petition date. The Defendant's second mortgage is a claim against the Debtor or Property of the Debtor in the Debtor's Chapter 13 case, even though it also secures her former husband's personal liability for the debt. Accordingly, the second mortgage is subject to modification under §506(a) and §1322(b) of the Bankruptcy Code.

**D. The non-debtor's personal liability on the claim is unaffected by the lien-strip.**

Finally, modification of the Defendant's second mortgage under §506(a) and §1322(b) will not affect the former husband's personal liability on the claim.

In evaluating the requested "strip off" in Mensah-Nahr, the Court recognized that the non-debtor former spouse remained personally obligated on the mortgage debt, despite the transfer of his ownership interest in the property to the debtor. Id. at 137(discussing In re Brown, 536 B.R. 837 (Bankr. D. Minn. 2015) and the question of whether the proposed lien-strip would alter the credit relationship between two non-debtor parties).

Specifically, the Court determined that "[t]he *in personam* liability of the Ex-Husband remains his separate obligation, and cannot be affected by Debtor's filing." In re Mensah-Nahr, 558 B.R. at 138. The reason for this determination rests in the distinction between the creditor's *in rem* claim against the property and its *in personam* claims against the individuals, and the "separate recovery methods for

8

each," as described by the Supreme Court of the United States in <u>Johnson v. Home State Bank</u>, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). <u>In re Mensah-Nahr</u>, 558 B.R. at 138.

> A mortgage is an interest in real property that secures a creditor's right to payment. But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's *in personam* liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally.

<u>Johnson v. Home State Bank</u>, 501 U.S. at 82. Consequently, the Court in <u>Mensah-Nahr</u> concluded that the personal liability of the Debtor's former husband was unaffected by the stripping of the lien, and that the creditor could pursue the former husband on the *in personam* claim in any manner allowed by law. <u>In re Mensah-Nahr</u>, 558 B.R. at 139.

In this case, the second mortgage originally was signed by the Debtor and Jeffrey S. Bailey as husband and wife. The parties later divorced, and Jeffrey Bailey transferred all of his interest in the Property to the Debtor. The former husband's personal liability on the mortgage debt will not be affected by the stripping of the lien in the Debtor's bankruptcy case, however, because his personal liability and the associated remedies are separate and distinct from the Defendant's claim against the Property.

### Conclusion

The Debtor commenced this proceeding by filing a Complaint to strip the Defendant's second mortgage from her residential real property. The second mortgage originally was signed by the Debtor and Jeffrey S. Bailey as husband and wife, but the marriage was later dissolved and the Debtor was the sole owner of the property on the bankruptcy petition date.

A Chapter 13 debtor may strip off a junior lien from the debtor's principal residence pursuant to §506(a) and §1322(b) of the Bankruptcy Code, if the Court determines that the junior lien is not secured by any existing equity in the property.

Accordingly, the Debtor may strip the Defendant's second mortgage from her property in this case, because (1) the amount owed on the senior mortgage exceeds the value of the property; (2) the Debtor is the sole owner of the property; (3) the second mortgage is a claim in the Debtor's bankruptcy that is subject to modification under §506(a) and §1322(b), and (4) such modification will not affect the former husband's personal liability on the claim.

Accordingly:

**IT IS ORDERED** that:

1. The second mortgage held by the Defendant, Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-R11, shall be deemed void and extinguished, without further Order of the Court, upon completion of payments under the Debtor's confirmed Chapter 13 Plan, pursuant to §506(a) and §1322(b) of the Bankruptcy Code.

2. A separate Final Judgment will be entered in favor of the Debtor and against the Defendant consistent with these Findings of Fact and Conclusions of Law.

DATED this 13 day of February, 2017.

**BY THE COURT**

PAUL M. GLENN
United States Bankruptcy Judge